**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4066**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEKO TISDALE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard M. Gergel, District Judge.  (2:15-cr-00517-RMG-1)

Submitted:  July 11, 2017                              Decided:  July 21, 2017

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Beth Drake, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neko Andre Tisdale was charged with: possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), on or about June 12, 2014 (Count One); and possession of separate firearms and ammunition by a convicted felon on or about January 31, 2015 (Count Two).  He pled guilty without a written plea agreement to Count One.  Tisdale was sentenced to 120 months in prison.  He appeals, raising one sentencing issue.  We affirm.

Tisdale contends that the district court erred in including as relevant conduct under the U.S. Sentencing Guidelines the offense charged in Count Two of the indictment.  With respect to Guidelines calculations, we review a district court's legal conclusions de novo and its factual findings for clear error.  *United States v. Gomez-Jimenez*, 750 F.3d 370, 380 (4th Cir. 2014).

"Relevant conduct" under the Guidelines includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."  *U.S. Sentencing Guidelines Manual* § 1B1.3(a)(2) (2015).   An application note states:

> Offenses . . . qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required.

USSG § 1B1.3 cmt. n. 5(B)(ii).

2

We conclude that the district court properly treated the conduct charged in Count Two as relevant conduct. With respect to similarity and repetition, Tisdale was charged in both counts with the same offense. He brandished the firearm in both cases. Finally, the conduct charged in Count Two was clearly related to the conduct in Count One. On January 31, 2015, Tisdale went to a residence whose occupant he believed had stolen money intended to be used as bond for the offense charged in Count One. With respect to time interval between the two offenses, the record establishes that Tisdale had bonded out on the June 2014 offense only days before committing the January 2015 offense. It was reasonable for the district court to exclude the time during which Tisdale was in jail for the June offense when considering the interval between the two offenses.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*